***NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

In re:

LUIGI SCOTTO DICLEMENTE

Debtor-Appellant

Civil Action No. 12-1226 (FLW)
Bankr. Case No. 11-28230 (MBK)

**OPINION**

**WOLFSON, United States District Judge:**

In this bankruptcy matter, Debtor-Appellant Luigi Scotto DiClemente ("Debtor") moves to stay an impending foreclosure sale pending the resolution of Debtor's appeal to the Third Circuit (the "Motion to Stay"). This foreclosure sale follows the Court's affirmance of the Bankruptcy Court's dismissal of Debtor's case, specifically on the issue of whether certain in rem mortgage claims were properly included in the calculation of Debtor's unsecured debt under 11 U.S.C. § 109(e). For the following reasons, the Court denies the Motion to Stay.

## I. BACKGROUND

The Court recited the facts and procedural history of this case in its Opinion affirming the Bankruptcy Court's dismissal of Debtor's case. See In re Luigi Scotto DiClemente, No. 12-1266, 2012 WL 3314840, at *1 - *2 (D.N.J. Aug. 13, 2012). The relevant facts and history are summarized here.

Debtor obtained several loans and lines of credit, which were secured by three mortgages on Debtor's primary residence at 23 Snyder Avenue, Keansburg, New Jersey (the "Property").

Id. These mortgages are held by Amboy Bank f/k/a Amboy National Bank ("Amboy"). In August 2009, Debtor defaulted on all three mortgages after failing to pay the installments due for each mortgage, and Debtor has made no payments since. Id. Significantly, Debtor's schedules that he filed with the Bankruptcy Court reflect that the Property is valued at $185,000 and is subject to Amboy's total claim of $761,380.90 on all three mortgages. Id. Of that amount, at least $540,854.97 is in arrears. Id.

On August 19, 2010, Debtor filed a Chapter 7 Bankruptcy Petition with the United States Bankruptcy Court for the District of New Jersey. In re DiClemente, Case No. 10–35480 (the "Chapter 7 Case"). On December 10, 2010, the Debtor received a Chapter 7 discharge. The Debtor filed the current Chapter 13 petition six months later on June 14, 2011. In re DiClemente, Case No. 11–28230.

Amboy filed a motion to dismiss Debtor's Chapter 13 case for cause. The Bankruptcy Court granted Amboy's motion, finding that two of Amboy's mortgage liens—totaling $564,237.74—were wholly unsecured (the "Unsecured Notes"), resulting in the Debtor exceeding the § 109(e) debt limitations for eligibility as a debtor under Chapter 13. In re Scotto–DiClemente, 459 B.R. 558, 571 (Bankr. N.J. 2011). DiClemente moved for reconsideration, arguing that the Bankruptcy Court erred in including his in rem liabilities on the Unsecured Notes in the calculation of unsecured debt. That motion was denied. In re Scotto–DiClemente, 463 B.R. 308 (Bankr. N.J. 2012).

Debtor appealed from the Bankruptcy Court's denial of the motion for reconsideration to this Court, arguing that the Chapter 7 Case had discharged Debtor's liabilities under the Unsecured Notes, and therefore, the Bankruptcy Court erred when it included such an amount in

its debt calculation under § 109(e). In an Opinion dated August 13, 2012, this Court rejected Debtor's argument. Specifically, the Court reviewed Supreme Court precedent, as well as other persuasive authorities, and concluded that the Chapter 7 Case discharged Debtor's personal liability on the Unsecured Notes, but not his in rem liability. Under the case law, this "surviving mortgage interest has the same properties as a nonrecourse loan and is enforceable against [D]ebtor's property . . . [In other words, the Unsecured Notes are] enforceable, unsecured debts within the meaning of § 109(e) and should be included within the Chapter 13 calculus." In re Luigi Scotto DiClemente, No. 12-1266, 2012 WL 3314840, at *4. Accordingly, the Court affirmed the Bankruptcy Court's dismissal of Debtor's case.

Subsequently, Debtor filed the instant Motion to Stay on October 1, 2012.[1] On October 10, 2012, Amboy filed an opposition, and on October 11, 2012, Debtor filed his reply.

## II. DISCUSSION

The parties do not dispute the standard by which this Court determines whether a stay is warranted. Indeed, the legal principles that govern courts' discretion on whether to grant a stay pending appeal "have been distilled into consideration of four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Nken v. Holder, 129 S.Ct. 1749, 1761 (2009). These stay factors require individualized judgments based on the circumstances of each particular case and, accordingly,

[1] In conjunction with the Motion to Stay, Debtor requested an expedited briefing schedule on the basis that the foreclosure sale of the Property would occur prior to the return date for Debtor's motion, which the Court granted.

should not be rigidly applied. Id. at 1761-62; In re S.A. Holding Co., No. 07-2295, 2007 WL 1598113, at * 1 (D.N.J. May 30, 2007) (citing Hilton v. Braunskill, 481 U.S. 770, 777, 107 S.Ct. 2113 (1987)).[2] Lastly, "[i]t 'is well-settled that the decision of whether to grant or lift a stay is committed to the sound discretion of the court.'" In re S.A. Holding Co., 2007 WL 1598113, at *1 (quoting In re Blackwell, 162 B.R. 117, 119 (E.D.Pa.1993)).

In support of his motion, Debtor claims that all four factors weigh in favor of granting the stay. First, Debtor argues that he satisfies the first prong because his position is "well supported by the Code and case law . . . [and] is neither arbitrary nor frivolous." Debtor Br. at 4. Second, Debtor emphasizes that he will be irreparably harmed if he loses the Property – his home – through foreclosure. Id. Third, Debtor contends that a stay will not harm Amboy because Debtor proposes to continue making payments to Amboy, as ordered by the Bankruptcy Court, and Amboy's rights to its lien on the first mortgage will remain unimpaired. Id. Lastly, Debtor

---

[2]Although Amboy does not dispute this particular test, it nevertheless notes that "the Third Circuit does not relax the likelihood of success on the merits prong when the moving party satisfie[s] the remaining factors," citing to Family Kingdom, Inc., v. EMIF New Jersey Ltd. Partnership, 225 B.R. 65, 69 n.6 (D.N.J. 1998). Amboy Opp. at 2. Closer review of Family Kingdom, however, reveals that there is no support for this proposition in that opinion – there is no decision of the Third Circuit cited, nor I have been able to locate any such case which would support such a proposition. To the contrary, the Third Circuit has explained in the related context of a preliminary injunction that "in a situation where factors of irreparable harm, interests of third parties and public considerations strongly favor the moving party, an injunction might be appropriate even though plaintiffs did not demonstrate as strong a likelihood of ultimate success as would generally be required." Constructors Ass'n of W. Pennsylvania v. Kreps, 573 F.2d 811, 815 (3d Cir. 1978) (internal quotation marks omitted).

For these reasons, I decline to adopt Family Kingdom's conclusion that, in deciding a stay pending appeal, all of the factors must be given equal weight. Instead, I follow the well established guidance of the Supreme Court and the Third Circuit, explaining that "'the traditional stay factors contemplate individualized judgments in each case.'" Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991) (emphasis added) (quoting Hilton v. Braunskill, 481 U.S. 770, 777 (1987)).

claims that the public interest is served when "a homeowner is able to remain in his home and the lender is paid according to its rights" until final resolution of the issue has been rendered by an appellate court. Id. at 4-5. Amboy objects to the Motion to Stay, responding that Debtor's arguments fail to satisfy the standard for granting a stay pending appeal. I address each factor in turn.

The first factor is the Debtor's likelihood of success on appeal. Debtor provides no substantive argument in this regard, nor does it appear he could. As I explained in my opinion affirming the Bankruptcy Court's decision, this is not a close case. See In re Luigi Scotto DiClemente, No. 12-1266, 2012 WL 3314840, at *3 - *4. Supreme Court precedent and the holdings of numerous circuit and district courts run counter to Debtor's argument in this case, see id., and Debtor has offered nothing in his papers accompanying the Motion to Stay to demonstrate, or even suggest, that the Third Circuit would deviate from the reasoning of those decisions. Indeed, Debtor lost his motion for reconsideration in the Bankruptcy Court, and, after advancing a similar argument, lost his appeal before this Court. Debtor has had multiple opportunities to challenge the Bankruptcy Court's decision, but has been unsuccessful each time. Moreover, because this is not a close case, one involving a novel legal issue, or one in which there is a noticeable split of authorities, it is unlikely that the Court's decision will be reversed on appeal. At bottom, Debtor provides no such basis for success on appeal; instead he appears to rely on the hope that the Third Circuit, in exercising de novo review, will reverse the decision of this Court. I cannot, on this basis alone, conclude that Debtor has made any showing of a likelihood of success on appeal.

The second factor is the whether Debtor will be irreparably harmed if a stay is not

granted. Debtor argues that if a stay is not granted, Amboy will hold a foreclosure sale on the Property on October 29, 2012. If this sale occurs, Debtor contends, he will be irreparably harmed through dispossession of the Property. Because the sole purpose of Debtor's appeal is to preserve his rights in the Property, I conclude that Debtor has demonstrated irreparable harm.[3]

The third factor is the extent of the harm, if any, Amboy will suffer if a stay is granted. Debtor contends that Amboy's harm will be nonexistent because he proposes to continue making monthly payments of $1700.00 to Amboy, and because Amboy's rights under a first mortgage on the Property will not be affected. Amboy responds by claiming that the amount owed under the first mortgage already exceeds the value of the Property, with the mortgage having accumulated $8955.24 in arrears since the date of Debtor's bankruptcy petition. In that connection, Amboy argues that it will be harmed by any further delay in its ability to foreclose on the Property. I agree. Amboy would be harmed by a stay given the amount of arrears and the expenses Amboy incurs related to the Property, although this harm may be minimized by Debtor making monthly payments to Amboy. I conclude that Amboy would be injured by a Stay, but would not be substantially injured if Debtor makes monthly payments. At best, then, this factor is neutral, neither favoring nor weighing against a stay.

The final factor is whether a stay is in the public interest. Here, Debtor proposes that "the public interest is served when courts are effective in enforcing the rights they were set up to protect." Debtor Br. at 4. Amboy counters, arguing that the "interest of the public is best served

---

[3]Amboy responds to Debtor's claim of irreparable injury by arguing that "foreclosure of the Debtor's property is inevitable" because Debtor has not demonstrated "the feasibility of his Chapter 13 plan." Amboy Opp. at 3. Amboy does not, however, respond to whether Debtor actually would be irreparably harmed by foreclosure.

by the satisfaction of one's debts." Amboy Opp. at 4. Because Debtor has not demonstrated that he has any right to avoid foreclosure – indeed, as I already concluded, Debtor has not demonstrated a likelihood of success of his appeal to the Third Circuit – his argument is misplaced. Debtor failed to convince the Bankruptcy Court or this Court that he is entitled to Chapter 13 protection. In other words, Debtor has not shown that his right in the Property is superior to Amboy's in rem right to foreclose on the Property. Contrary to Debtor's assertion, the public interest is not served by delaying Amboy's clear right to foreclosure in order for Debtor to bring an appeal that is not likely to prevail. I conclude therefore that the public interest is not served by a stay.

## III. CONCLUSION

Having examined all factors relevant to granting a stay pending appeal, only one factor – irreparable harm to the Debtor – weighs in favor of granting such a stay. This factor alone is insufficient to grant a motion to stay, particularly where Debtor has failed to demonstrate a likelihood of success on appeal. For the reasons stated herein, the Court denies the Motion to Stay. An appropriate order will issue.

Dated: October 22, 2012

/s/ Freda L. Wolfson
Honorable Freda L. Wolfson
United States District Judge